IN THE UNITED STATES DISTRICT COURT FOR THE SOUTEHRN DISTRICT OF WEST VIRGINIA

**BILLIE JEAN CRIGGER, D.O.;**

       **PLAINTIFF,**

**v.**                             **Civil Action No.**  5:23-cv-00052

**RALEIGH GENERAL HOSPITAL, LLC,**
**a West Virginia Limited Liability Company, and**

**LIFEPOINT WV HOLDINGS, Inc.,**

       **DEFENDANTS.**

## COMPLAINT

COMES NOW Plaintiff, Billie Jean Crigger, by and through counsel, Stephen P. New, and for her Complaint against Defendant, Raleigh General Hospital, LLC, hereby alleges and avers as follows:

### PARTIES

1.    Plaintiff Billie Jean Crigger, D.O. ("Plaintiff" or "Dr. Crigger"), splits her time between West Virginia and Kentucky, as a resident of Kentucky. Dr. Crigger rents hotel rooms during her time in West Virginia.

2.    The Defendant, Raleigh General Hospital, LLC ("Defendant" or "RGH"), is a limited liability company managed by LifePoint WV Holdings, Inc. At all times relevant herein, RGH was conducting business as a medical facility located at 1710 Harper Road, Beckley, West Virginia 25801.

3.      The Defendant, LifePoint WV Holdings, Inc., is a Delaware Corporation with a principal place of business at 330 Seven Springs Way, Brentwood, Tennessee and is the sole member of Raleigh General Hospital, LLC.

## JURISDICTION AND VENUE

4.      For purposes of diversity jurisdiction, the citizenship of a limited liability company (such as the Hospital) is determined by the citizenship of all its members. *Cent. W.Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). A corporation such as LifePoint WV Holdings Inc., is a citizen of its state of incorporation and the state where it has its principal place of business. *Id*. Accordingly, the Hospital is a citizen and resident of Delaware and Tennessee.

**5.**      Pursuant to 28 U.S.C. § 1332, venue is proper in this Honorable Court because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

## FACTS

6.      Dr. Crigger restates, realleges, and incorporates each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein verbatim.

7.      On or about August 1, 2017, Dr. Crigger and RGH entered into a Physician Recruiting Agreement (hereinafter "Contract"). The purpose of the Contract was to induce Dr. Crigger to relocate her medical practice to Beckley, Raleigh County, West Virginia, and establish a medical practice in association and/or affiliation with RGH. *See* **Exhibit 1** attached hereto.

8.      Pursuant to the Contract, RGH was required to pay unto Dr. Crigger the guaranteed sum of Sixty-Five Thousand, One Hundred Twenty-Three Dollars and Seventeen Cents ($65,123.17) per month for a period of twelve (12) months. *See* **Exhibit 1**.

9.      Additionally, RGH was required to pay up to Twenty-Five Thousand Dollars ($25,000.00) for the cost of an electronic medical records system and Eighteen Thousand Dollars ($18,000.00) for practice management consulting, together totaling Forty-Three Thousand Dollars ($43,000.00). *See* **Exhibit 1**.

10.      RGH was further required to reimburse Dr. Crigger for all reasonable expenses incurred in the relocation of her medical practice to Beckley, Raleigh County, West Virginia, up to an amount not exceeding Ten Thousand Dollars ($10,000.00). *See* **Exhibit 1**.

11.      Prior to their being reduced to writing, the promises set forth in Paragraphs 7-10 were orally conveyed to Dr. Crigger by RGH.

12.      Subsequent to executing the Contract, Dr. Crigger relocated her medical practice to Beckley, Raleigh County, West Virginia, and established a medical practice in association and/or affiliation with RGH; in reliance upon the promises and representations made by RGH.

13.      As required by the Contract, Dr. Crigger commenced operations of her medical practice on or about April 2, 2018, and continues on an ongoing basis.

14.      Dr. Crigger performed all duties and obligations required of her under the Contract in strict accordance with the terms thereof.

15.      However, RGH failed and/or refused to tender unto Dr. Crigger the guaranteed payments mandated by the Contract.

16.      RGH further failed to pay Dr. Crigger for the cost of an electronic medical records/ practice management system and practice management consulting, and RGH also failed to reimburse Dr. Crigger for reasonable expenses incurred in the relocation of her medical practice to Beckley, Raleigh County, West Virginia.

17.     RGH's failure to pay the monies due and owing Dr. Crigger under the Contract have, *inter alia*:

    (a)   Impeded the growth of Dr. Crigger's medical practice by severely limiting the purchase power of Dr. Crigger's practice;

    (b)   Limited Dr. Crigger's ability to expand the operations of her medical practice;

    (c)   Inhibited Dr. Crigger's ability to acquire capital assets to increase capacity;

    (d)   Restricted Dr. Crigger's ability to hire staff needed to handle increased patient load capacities;

    (e)   Caused a loss of staff due to lack of funding by RGH and the resulting depleted services; and

    (f)   Constituted a material breach of the Contract.

18.     On multiple occasions, Dr. Crigger voiced her concerns and attempted to address these issues with representatives and management of RGH, both for herself and as an effort to advocate on behalf of her patients.

19.     Instead of addressing the issues and concerns raised by Dr. Crigger, RGH retaliated against Dr. Crigger by, among other things, refusing to provide the resources necessary for continued success and growth in her practice and harassing Dr. Crigger with repeated, redundant, and superfluous audit requests.

20.     The allegations set forth herein below continued on an ongoing basis from the time of the Contract to present.

21.     RGH refused to grant Dr. Crigger access to dictation from 2017 to April 27, 2022, after Dr. Crigger had repeatedly expressed her need to dictation for quicker and more efficient documenting.

4

22.     RGH changed all computer software without giving Dr. Crigger notice or training on the changes to the new system.

23.     Doctors employed by RGH attempted to cancel Dr. Crigger's scheduled operations and would peer review cases before they happened.

24.     When peer reviews were done on Dr. Crigger's cases that had not yet taken place, Doctors employed by RGH refused to provide Dr. Crigger a copy of the reviews upon her request.

25.     RGH further retaliated against Dr. Crigger by refusing to grant her access to operating rooms at RGH and also ignored Dr. Crigger's requests to schedule operations.

26.     RGH allowed operations to continue during a sewage leak, causing the operating rooms to become unsterile.

27.     When Dr. Crigger refused to operate in an unsterile environment and her reported concerns were ignored by RGH, Dr. Crigger missed out on performing surgeries and having adequate space to care for her patients.

28.     RGH further refused to replace medical equipment that Dr. Crigger relied on for surgeries after it was damaged in the operating rooms due to sewage problems.

29.     RGH employees would call Dr. Crigger for a consult, but hang up immediately and report that Dr. Crigger did not respond or be "unresponsive" to consults.

30.     RGH would document Dr. Crigger as refusing consults, yet would not complete calls and would not leave messages or voicemails after said calls were made.

31.     RGH refused to provide Dr. Crigger with "block time" in the OR to schedule patients more efficiently and have adequate staffing.

32.     RGH would keep Dr. Crigger's patients longer than needed, even though Dr. Crigger had authorized their discharge, constituting insurance fraud.

33.     RGH's conduct and actions severely limited Dr. Crigger's ability to provide surgical care for her patients and the people of Raleigh County, West Virginia.

34.     Additionally, RGH's conduct and actions resulted in a significant loss of income to Dr. Crigger and loss of revenue to Dr. Crigger's medical practice.

### COUNT I
### BREACH OF CONTRACT

35.     Plaintiff restates, realleges, and incorporates each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein verbatim.

36.     Dr. Crigger entered into the aforementioned Contract with RGH to relocate her medical practice to Beckley, Raleigh County, West Virginia and establish a medical practice in association and/or affiliation with RGH.

37.     Dr. Crigger performed all duties and obligations required of her under the Contract in strict accordance with the terms thereof.

38.     RGH breached the Contract with Dr. Crigger by, among other things, failing and refusing to pay Dr. Crigger monies which she was lawfully due and owing under the Contract, failing to provide access to the operating rooms, and failing to provide access to resources necessary to perform her duties.

39.     Despite RGH's breach by failing to pay Dr. Crigger monies she was lawfully owed, RGH continued to repeatedly request audits from Dr. Crigger.

40.     RGH failed or refused to respond to Dr. Crigger's numerous attempts to remedy the situation to redeem her monies owed to her.

41.     Due to RGH's breach of the Contract, Dr. Crigger has sustained damages and is thereby entitled to recover such damages and other relief as is more fully set forth below.

## COUNT II
### PROMISSORY ESTOPPEL

42.     Plaintiff restates, realleges, and incorporates each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein verbatim.

43.     Dr. Crigger reasonably relied upon RGH's representations that it would comply with its obligations to pay the monies due and owing Dr. Crigger under the Contract.

44.     Additionally, Dr. Crigger reasonably relied upon RGH's representations that it would not interfere with Dr. Crigger's medical practice or her business relationships.

45.     Dr. Crigger relocated her medical practice, hired office staff, and took all necessary steps toward growing her medical practice in reliance upon RGH's compliance with the duties and obligations assumed under the Contract.

46.     RGH failed to comply with the duties and obligations assumed under the Contract.

47.     Dr. Crigger has suffered the losses set forth herein as a direct result of RGH's failure to adhere to the duties and obligations assumed under the Contract.

48.     In the alternative, RGH's actions constitute unjust enrichment as benefits were received and retained under such circumstances that it would be inequitable and unconscionable to permit the party receiving them to avoid payment.

## COUNT III
### VIOLATION OF THE WEST VIRGINIA PATIENT SAFETY ACT

49.     Plaintiff restates, realleges, and incorporates each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein verbatim.

50.     When Dr. Crigger voiced the above concerns and attempted to address these issues with representatives and management of RGH in an effort to advocate on behalf of her patients, RGH retaliated against Dr. Crigger by, among other things, refusing to provide the resources

necessary for continued success and growth in her practice and harassing Dr. Crigger with repeated, redundant, and superfluous audit requests.

51.     RGH continued operations in an unsterile environment after a sewage leak in the operating rooms and ignored Dr. Crigger, upon her voicing her concern for patient safety.

52.     Dr. Crigger verbally reported to management on numerous occasions and was ignored.

53.     RGH further retaliated against Dr. Crigger by refusing to grant her access to operating rooms at RGH and ignored her requests to schedule operations.

54.     RGH's conduct and actions constituted violations of the West Virginia Patient Safety Act, W. Va. Code § 16-39-1, *et seq.*

55.     The violations of the West Virginia Patient Safety Act committed by RGH proximately caused injuries and damages to Dr. Crigger, and Dr. Crigger is therefore entitled to recover for said injuries and damages.

## COUNT IV
### FRAUD IN THE INDUCEMENT

56.     Plaintiff restates, realleges, and incorporates each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein verbatim.

57.     Prior to the execution of the Contract, RGH made various promises to Dr. Crigger, namely, oral versions of the promises set forth in Paragraphs 6 through 9, *supra*.

58.     At the time RGH made these promises to Dr. Crigger, RGH had no intention of ever keeping them.

59.     RGH made these promises to induce Dr. Crigger to enter into a Contract with RGH and to relocate her medical practice to Beckley, Raleigh County, West Virginia, so that RGH could enjoy the benefits of Dr. Crigger's work.

8

60.     Because RGH had no intention of ever keeping the promises, said promises were fraudulent misrepresentations.

61.     These fraudulent misrepresentations were later reduced to writing. *See supra* ¶¶ 6–10.

62.     These fraudulent misrepresentations were material and false.

63.     Dr. Crigger reasonably and justifiably relied on RGH's misrepresentations.

64.     RGH accepted the benefits associated with Dr. Crigger relocating her medical practice and the work she performed thereafter.

65.     RGH failed and refused to pay Dr. Crigger monies which she was lawfully owed under the Contract.

66.     Instead of paying Dr. Crigger the monies which she was legally owed, RGH retaliated against Dr. Crigger by, among other things, refusing to provide the resources necessary for continued success and growth in her practice, harassing Dr. Crigger with repeated, redundant, and superfluous audit requests, and refusing to grant Dr. Crigger access to operating rooms.

67.     RGH's precedent oral promises, which RGH had no intention of keeping, constituted fraud in the inducement.

68.     RGH has continued in its failure and refusal to pay Dr. Crigger the monies which she is legally owed.

69.     The fraudulent actions of RGH were done willfully, recklessly, wantonly, maliciously, and with utter disregard for Dr. Crigger's legal rights.

70.     As a direct and proximate result of Dr. Crigger's reasonable reliance on RGH's fraudulent misrepresentations, Dr. Crigger has sustained damages and is thereby entitled to recover such damages and other relief as is more fully set forth below.

**COUNT V**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

71.     Plaintiff restates, realleges, and incorporates each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein verbatim.

72.     Dr. Crigger has existing contractual or business relationships and/or expected contractual or business relationships.

73.     RGH has wrongfully and without justification interfered with such existing and/or prospective contractual or business relationships.

74.     RGH caused Dr. Crigger to lose business and patients by, including but not limited to, refusing her OR time, conducting false peer reviews on cases that had not yet taken place, and not contacting Dr. Crigger for consultations.

75.     Doctors employed by RGH falsely charted and conducted reviews of Dr. Crigger on cases that Dr. Crigger had not yet performed on, jeopardizing her name and reputation.

76.     When Dr. Crigger asked for copies of the said charts and reviews, she was denied access to them.

77.     The actions of RGH directly and proximately caused harm to the business relationship with Dr. Crigger's patients and potential patients, her business relationship and future business relationship with RGH and Gateway ENT and Allergy.

78.     The wrongful acts and/or omissions of RGH were done willfully, recklessly, wantonly, maliciously, and with utter disregard for Dr. Crigger's legal rights.

79.     As a direct and proximate result of such wrongful and/or unlawful conduct, Dr. Crigger has sustained damages and is thereby entitled to recover such damages and other relief as is more fully set forth below.

## COUNT VI
### INTENTIONAL DAMAGE TO BUSINESS REPUTATION AND RELATIONS

80.    Plaintiff restates, realleges, and incorporates each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein verbatim.

81.    Dr. Crigger had a reasonable expectation of economic advantage or benefit from the Contract.

82.    RGH possessed knowledge of Dr. Crigger's expectation of economic advantage.

83.    RGH wrongfully and without justification interfered with Dr. Crigger's reasonable expectation of economic advantage or benefit.

84.    In the absence of the wrongful acts and/or omissions of RGH, it is reasonably probable that Plaintiff would have realized her economic advantage or benefit.

85.    The wrongful acts and/or omissions of RGH were done maliciously, willfully, wantonly, recklessly, and with utter disregard for Dr. Crigger's legal rights.

86.    As a direct and proximate result of such wrongful and unlawful conduct, Dr. Crigger has sustained damages and is thereby entitled to recover such damages and other relief as more fully set forth below.

## COUNT VII
### TORT OF OUTRAGE

87.    Plaintiff restates, realleges, and incorporates each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein verbatim.

88.    The conduct of RGH described herein was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

89.     RGH either acted with the intent to inflict emotional distress or acted recklessly when it was certain or substantially certain that Dr. Crigger would suffer emotional distress as a result of RGH's conduct.

90.     RGH's actions caused Dr. Crigger to suffer severe emotional distress and fear of harm to her reputation.

91.     Dr. Crigger's emotional distress was so severe that no reasonable person could be expected to endure it.

92.     As a direct and proximate result of the outrageous conduct of RGH, Dr. Crigger is entitled to damages as set forth hereinbelow.

## COUNT IX
### PUBLIC POLICY/VIOLATION OF STATUTES

93.     Plaintiff restates, realleges, and incorporates each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein verbatim.

94.     W. Va. Code § 55-7-9, entitled "*Violation of statutes*" provides the following:

> Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

95.     Dr. Crigger constitutes a "person injured by [RGH's] violation of . . . [a] statute" as set forth in W. Va. Code § 55-7-9.

96.     For the reasons explained in greater detail hereinabove, the actions and conduct of RGH were in violation of the *West Virginia Patient Safety Act*, W. Va. Code § 16-39-1, *et seq.*

97.     RGH's statutory violations proximately caused injuries and damages to Dr. Crigger, including, but not limited to, impairment in her ability to practice medicine by

retaliation, damage to her professional reputation, and interference with her business relationships.

98.    Dr. Crigger is entitled to an award of statutory and common law damages resulting from said violations.

### COUNT X
### PUNITIVE DAMAGES

99.    Plaintiff restates, realleges, and incorporates each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein verbatim.

100.    The actions and conduct of RGH herein were intentional, outrageous, and reprehensible, and said actions and conduct were performed with actual malice toward Dr. Crigger and a conscious, reckless, and outrageous indifference to the health, safety, and welfare of Dr. Crigger and Dr. Crigger's patients.

101.    Punitive damages should be assessed by a jury to punish the actions and conduct of RGH to deter and prevent similar bad faith conduct in the future.

102.    To the extent supported by the evidence developed in the case *sub judice*, Dr. Crigger seeks punitive damages to punish RGH and to deter similar bad faith conduct in the future.

**WHEREFORE**, as a direct and proximate result of RGH's wrongful conduct, as more fully described above, Dr. Crigger is entitled to recover the following damages:

a.  Compensatory damages;

b.  Past and ongoing loss of profits and income;

c.  Incidental and consequential damages;

d.  Punitive damages;

e.  Attorney's fees and costs incurred in prosecuting these claims;

f.   Pre-judgment and post-judgment interest; and

g.   Any and all further relief allowed by law.


**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**


Respectfully submitted,

**BILLIE JEAN CRIGGER, D.O.**

By Counsel:


/s/ Stephen P. New
Stephen P. New, Esq. (WVSB # 7756)
Emilee B. Withrow (WVSB #14310)
NEW, TAYLOR & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: (304) 250-6017
Facsimile: (304) 250-6012
*steve@newlawoffice.com*
*emilee@newlawoffice.com*